Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KATIE G. CHAPMAN-PINTO,<br><br>               Plaintiff,<br><br>   vs.<br><br>AMAZON.COM SERVICES LLC, a Delaware<br>Limited Liability Company,<br><br>               Defendant. | CASE NO.<br><br>1. VIOLATION OF THE FAMILY AND<br>   MEDICAL LEAVE ACT<br>2. DISABILITY DISCRIMINATION IN<br>   VIOLATION OF THE AMERICANS WITH<br>   DISABILITIES ACT OF 1990<br>3. RETALIATION IN VIOLATION OF THE<br>   AMERICANS WITH DISABILITES ACT<br><br>JURY DEMAND |

Plaintiff KATIE G. CHAPMAN-PINTO ("Plaintiff" or "Chapman-Pinto") alleges as follows:

1.      This action is brought pursuant the Family and Medical Leave Act of 1993, *29 U.S.C. § 2601*, *et seq.* (hereinafter "FMLA) and Americans with Disabilities Act of 1990, *42 U.S.C. §12101*, et seq. (hereinafter "ADA").

2.      Jurisdiction is predicated under these code sections as well as *28 U.S.C. § 1331*, as this action involves a federal question.

3.      At all relevant times, AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company (hereinafter "Defendant" or "Amazon") employed twenty (20) or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year, and are therefore subject to the provisions of the FMLA and ADA.

4.      The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to *28 USC §1391(b)(2),* and the ends of justice so require.

## PARTIES

5.      Plaintiff, Chapman-Pinto, is a citizen of the United States and currently a resident of the State of California and City of San Luis Obispo.

6.      At all relevant times giving rise to the claims asserted, Plaintiff was employed in Las Vegas, Nevada by Defendant.

7.      Defendant is an employer within the meaning of *29 USC §§623 and 630(b)* and *42 USC §12111(5)(A).*

## EXHAUSTION OF REMEDIES

8.      Plaintiff timely filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") and was issued a Notice of Right to Sue by the EEOC on June 21, 2023, a copy of which is attached to Complaint as Exhibit "A".

## STATEMENT OF FACTS

9.      Plaintiff began working for Defendant on or about July 12, 2021 as an Operations Manager I and her last position held was Operations Manager II when she was terminated on effective December 17, 2022.

10.      On November 23, 2022 Chapman-Pinto doctor diagnosed her with extreme anxiety disorder which included panic symptoms of increased heart rate, nausea/vomiting and derealization.  Other symptoms included decreased concentration, poor focus with problems completing tasks and significant fatigue at times.

11.      Based on this diagnosis, Plaintiff was granted a company approved FMLA medical

leave from November 25, 2022 to January 8, 2023.

12.     On or about December 2, 2022 Chapman-Pinto dropped off her company badge and work equipment for use by other team member to use during her FMLA leave of absence.  At no time when Plaintiff dropped off her company badge and work equipment did she indicate to anyone that she was resigning from the company.

13.     On or about December 18, 2022 Chapman-Pinto received a notice from Amazon that they had processed her voluntary termination.

14.     Confused, Plaintiff reached out to Jenny Contreras, HR Business Partner and asked Contreras to correct what Chapman-Pinto believed was an error, explaining to Contreras that she had not resigned but simply went on an approved FMLA leave of absence.

15.     On or about December 19, 2022, Plaintiff reached out to Amazon's Employee Relations Center (ERC) to ask that they open a case for Chapman-Pinto's reinstatement.  The ERC directed the decision back to Plaintiff's workplace site, who denied the request.

16.     Contreras responded to Chapman-Pinto by email informing her that the decision on her termination by resignation was final, alleging that Plaintiff had orally stated her intention to resign by informing Associate Partner, Crystal, that Plaintiff was resigning effective December 2, 2022.

17.     This was not true because Chapman-Pinto never told anybody at Amazon that she was resigning.  Additional, Amazon's internal HR policies explicitly require that resignations be made in writing and Plaintiff never submitted a written resignation to anyone at Amazon.

## **FIRST CAUSE OF ACTION**

### **(For Violation of the FMLA)**

18.     Plaintiff Chapman-Pinto incorporates the allegations set forth in paragraphs 1 through 17, inclusive, as if fully set forth herein.

19.     At all relevant times Plaintiff was an "eligible employee" as that term is defined by *29 U.S.C. § 2611(2)*, entitled to 12 work weeks of leave under *29 U.S.C. § 2612(a)(1)*.

20.     At all relevant times the Defendant was an "employer" as that term is defined by *29*

*U.S.C. § 2611(4),* as it was engaged in "commerce" and an "industry or activity affecting commerce" within the meaning of *29 U.S.C. § 2611(1).*

21.    At all relevant times Plaintiff's medical condition (ie. extreme anxiety disorder) constituted a "serious medical condition" as defined *29 U.S.C. § 2611(11).*

22.    Plaintiff provided Defendant with all necessary information regarding her need for leave including providing a statement by her physician that she had a serious medical condition, and otherwise performed all duties necessary to take advantage of the rights conferred by the FMLA.

23.    On or about November 25, 2022 Chapman-Pinto was approved for FMLA medical leave from November 25, 2022 to January 8, 2023, due to her serious medical condition.

24.    Thereafter as set forth above, Plaintiff dropped off her company badge and work equipment on December 2, 2022 for use by other team members during her FMLA leave of absence.

25.    Then on December 18, 2022 Chapman-Pinto received a notice from Amazon that they had processed her voluntary termination which confused Plaintiff since she never resigned.

26.    Amazon refused to reverse the termination decision which became effective on December 17, 2022.

27.    This was in violation of *29 U.S.C. § 2614(a)(1)* which provides that an employer must reinstate an employee to the same or an equivalent position that the employee held when they went on leave, with equivalent pay, benefits, and other terms and condition of employment.

28.    Although Amazon claims that Chapman-Pinto verbally told Associate Partner, Crystal that she was resigning effective December 2, 2022, Plaintiff vehemently denies that she told Crystal or anyone else at Amazon that she was resigning.

29.    Further not only is this in direct violation of Amazon's policy that a resignation must be in writing, thus making a verbal resignation invalid, but it makes little sense that Chapman-Pinto would go through the rigorous steps of getting her FMLA medical leave approved including getting

approval from her physician, only to resign her employment one week after she received approval of the leave of absence.

30.     Thus as a direct and proximate result of Defendant willfully violating Plaintiff from exercising his rights under the FMLA by failing to reinstate her position and instead claiming that Chapman-Pinto voluntarily terminated/resigned from her employment with Amazon, Plaintiff has suffered loss of income, including but not limited to past and future wages, benefits, expenses, insurance, loss of back pay, front pay, other consequential damages, pain and suffering and other damages to be proven at trial.

31.     Defendant's actions were with deliberate indifference to such rights or were willful, entitling Plaintiff to an award of liquidated damages equal to double the amount of her actual damages.

32.     Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

33.     Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims.

### SECOND CAUSE OF ACTION

#### (For Disability Discrimination under the ADA)

34.     Plaintiff Chapman-Pinto incorporates the allegation set forth in paragraphs 1 through 33, inclusive, as if fully set forth herein.

35.     As set forth hereinabove, Plaintiff was diagnosed her with extreme anxiety disorder which included panic symptoms of increased heart rate, nausea/vomiting and derealization.  Other symptoms included decreased concentration, poor focus with problems completing tasks and significant fatigue at times.

36.     This mental impairment substantially limited Chapman-Pinto in performing major life activities including thinking, concentrating, performing manual tasks, sleeping and working, among other major life activities.  Thus Plaintiff was disabled under the ADA.

37.     Further Chapman-Pinto was a qualified individual under the ADA because with or without accommodation she would have been able to perform the essential functions of her job as an Operations Manager II once she returned from FMLA medical leave on January 8, 2023.

38.     Thus because Amazon chose not to follow the existing law under the ADA and instead chose to terminate Chapman-Pinto's employment effective on December 17, 2022, they are liable to Plaintiff for damages under the ADA.

39.     Thus as a direct, foreseeable, and legal result of the Defendant terminating Plaintiff's employment her because of her disability, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

40.     As a further direct, foreseeable, and legal result of Defendant terminating Plaintiff's employment her because of her disability, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which Plaintiff seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

41.     In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights.  Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

42.     Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

43.     Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims.  Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

///

**THIRD CAUSE OF ACTION**

**(For Retaliation in Violation of the FMLA and ADA)**

44.     Plaintiff Chapman-Pinto incorporates the allegation set forth in paragraphs 1 through 43, inclusive, as if fully set forth herein.

45.     This cause of action is brought pursuant to ADA as it involves a claim by Plaintiff for Retaliation in violation of the ADA.

46.     As set forth herein above, Plaintiff complained about being terminated because she never resigned her employment like Defendant said she did and Amazon retaliated against Chapman-Pinto by refusing to reinstate her employment.

47.     As a direct, foreseeable, and legal result of Defendant's Retaliation, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

48.     As a further direct, foreseeable, and legal result of Defendant's Retaliation, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which she seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

49.     In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights.  Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

50.     Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

51.     Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims.  Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to

1  proof at trial.

2  **PRAYER FOR RELIEF**

3  WHEREFORE, Plaintiff Chapman-Pinto demands judgment against Defendants, and each of

4  them, as follows:

5  1.    Declaring that the acts and practices complained of here are a violation of FMLA and

6  ADA;

7  2.    Enjoining and permanently restraining the violations by Defendants of the FMLA

8  and ADA;

9  3.    For back pay and front pay for overall economic losses in earnings, bonuses, job

10  benefits and expenses, according to proof at time of trial;

11  4.    For liquidated damages under the FMLA as an additional amount equal to the sum of

12  actual damages and interest;

13

14  5.    For compensatory damages for mental and emotional distress, worry, indignity,

15  mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life

16  and other pecuniary losses, all to Plaintiff's damage in a sum to be shown at the time of trial;

17  6.    For punitive damages;

18  7.    For attorney's fees and costs in an amount determined by the court to be reasonable;

19  8.    For pre-judgment interest on all damages; and

20  9.    For any other and further relief that the Court considers proper.

21  **DEMAND FOR JURY TRIAL**

22  Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by

23  jury in this action.

24  DATED:  9/18/2023           LAW OFFICES OF MICHAEL P. BALABAN

25

26

27  BY: /s/ Michael P. Balaban
             Michael P. Balaban

28           LAW OFFICES OF MICHAEL P. BALABAN
             10726 Del Rudini Street
             Las Vegas, NV  89141

# EXHIBIT "A"

# NOTICE OF RIGHT TO SUE

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Las Vegas Local Office**
333 Las Vegas Blvd South, Suite 5560
Las Vegas, NV 89101
(702) 553-4470
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 06/21/2023

**To:** Ms. Katie G. Chapman-Pinto
959 Laureate Lane
San Luis Obispo, CA 93405

Charge No: 487-2023-02066

EEOC Representative and email:    Saul Vazquez
Investigator
Saul.Vazquez@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 487-2023-02066.

On behalf of the Commission,

Digitally Signed By: Christine Park-Gonzalez
06/21/2023

Christine Park-Gonzalez
District Director