UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KATIE CHAPMAN-PINTO,<br><br>    Plaintiff<br><br>v.<br><br>AMAZON.COM SERVICES, LLC<br><br>    Defendant | Case No.: 2:23-cv-01458-APG-NJK<br><br>**Order Granting Defendant's Motion to Dismiss**<br><br>[ECF No. 7] |

    Katie Chapman-Pinto alleges that her former employer, Amazon.com Services, LLC, wrongly terminated her employment while she was on leave under the Family Medical Leave Act of 1993 (FMLA). She sues Amazon for violating the FMLA, discriminating against her under the Americans with Disabilities Act of 1990 (ADA), and retaliating against her in violation of the ADA. With respect to her retaliation claim, she alleges that Amazon refused to reinstate her employment after she complained to human resources (HR) that she was terminated for having voluntarily resigned when she had not resigned.

    Amazon moves to dismiss the ADA retaliation claim, arguing that Chapman-Pinto fails to state a claim because her conversation with HR was not an ADA-protected activity. Amazon also argues that her conversation with HR did not cause her termination because her employment was already terminated when she talked to HR. Chapman-Pinto responds that she also alleges retaliation under the FMLA and that for both retaliation claims she is alleging that Amazon retaliated against her for taking FMLA leave by firing her. Amazon replies that it is moving to dismiss only the ADA retaliation claim.

    Federal Rule of Civil Procedure 8 requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff must make

sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555. When I evaluate a motion to dismiss, I "may not look beyond the complaint to a plaintiff's moving papers," so the plaintiff cannot rely on facts contained in an opposition to a motion to dismiss that are not alleged in the complaint. *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (emphasis omitted). To state an ADA retaliation claim, the plaintiff must plausibly allege that (1) "she engaged in a protected activity; (2) suffered an adverse employment action; and (3) there was a causal link between the two." *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004).

     I grant Amazon's motion to dismiss because Chapman-Pinto's complaint fails to state a retaliation claim under the ADA. I cannot consider the allegation Chapman-Pinto makes in her response to Amazon's motion to dismiss that Amazon fired her in retaliation for taking FMLA leave. *See* ECF No. 1 at 7 ¶ 46. That allegation is not contained in the complaint. I grant Chapman-Pinto leave to amend her complaint should she want to plead that allegation. Additionally, it is not clear from the complaint whether Chapman-Pinto also brings an FMLA retaliation claim against Amazon as she includes FMLA in the title of the claim but she does not plead it in the text. If Chapman-Pinto amends, to the extent that she intends to plead both ADA and FMLA retaliation claims, she must plead each element of each claim and support each element with sufficient factual allegations to make each claim plausible under the relevant law.

     I THEREFORE ORDER that Amazon's motion to dismiss **(ECF No. 7) is granted.**

/ / / /

/ / / /

I FUTHER ORDER that Chapman-Pinto has until June 28, 2024 to file an amended complaint if she wishes to do so.

DATED this 5th day of June, 2024.

                                                 ANDREW P. GORDON
                                                 UNITED STATES DISTRICT JUDGE