UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KATIE CHAPMAN-PINTO,<br><br>　　　Plaintiff<br><br>v.<br><br>AMAZON.COM SERVICES, LLC,<br><br>　　　Defendant | Case No.: 2:23-cv-01458-APG-NJK<br><br>**Order Granting in Part Amazon's Motion for Summary Judgment**<br><br>[ECF No. 27] |

　　　Katie Chapman-Pinto sued her former employer, Amazon.com Services, LLC, for unlawful employment practices after Amazon failed to restore Chapman-Pinto to her position at a Las Vegas sorting facility following a leave of absence. After I partially granted Amazon's motion to dismiss, the only remaining claims are for Family Medical Leave Act (FMLA) interference and Americans with Disabilities Act (ADA) discrimination. Amazon moves for summary judgment on these claims, arguing that Chapman-Pinto voluntarily resigned from her position while on leave. Chapman-Pinto denies resigning. Because there is a genuine dispute over whether Chapman-Pinto resigned, I deny Amazon's motion for summary judgment on her FMLA interference claim. But I grant Amazon's motion on her ADA discrimination claim because Chapman-Pinto has not presented sufficient evidence that Amazon terminated her because of her disability.

**I. BACKGROUND**

　　　Chapman-Pinto worked as an operations manager for Amazon at its Las Vegas sorting facility (VGT5) beginning in July 2021. ECF No. 32-1 at 1-2. In summer 2022, Amazon changed her schedule, and she began working under a manager she found difficult to work with. ECF No. 27-3 at 7-11. Her mental health declined, and she asked about the process of resigning.

*Id.* at 17. In response, an Amazon human resources (HR) employee suggested she consider a medical leave of absence. *Id.* at 17-18. Chapman-Pinto requested leave under the FMLA, and Amazon approved leave from November 25, 2022 to January 8, 2023. ECF No. 27-12 at 2.

On December 2, a week into her leave, Chapman-Pinto arrived at the VGT5 facility and turned in her laptop, radio, vests, and identification badge. ECF No. 27-3 at 21. She claimed that she wouldn't need the work materials while she spent her leave with her family, and that other employees might make use of them during the holiday peak season. *Id.*; ECF No. 32-1 at 2-3. HR employee Crystal Schmalz walked Chapman-Pinto out of the facility and took her badge. ECF No. 27-3 at 22-23. According to Schmalz, Chapman-Pinto indicated that she was resigning and told her "I'm done, I'm out, I'm outta here." ECF No. 27-13 at 11. Chapman-Pinto denies resigning and claims that she told Schmalz she wouldn't be returning "if I can avoid it," or "probably not. Maybe, I don't know." ECF No. 27-3 at 23. Chapman-Pinto asserts that these ambiguous statements reflected her intent to transfer to another facility, but that she would return if she could not secure a transfer before her leave concluded. *Id.* at 26-27.

On December 18, 2022, Amazon sent Chapman-Pinto an email stating that they had processed her voluntary termination effective December 17. ECF No. 32-1 at 14. Chapman-Pinto sent Amazon an email the next day expressing confusion, denying that she resigned, and asserting that she was only on a leave of absence. *Id.* at 13. Amazon refused to reinstate Chapman-Pinto to her position. *Id.* at 26.

## II. ANALYSIS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the nonmoving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018).  "To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial." *Id.*  I view the evidence and reasonable inferences in the light most favorable to the nonmoving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

### A. FMLA Interference

To prevail on her claim for FMLA interference, Chapman-Pinto must establish (1) she was eligible for the FMLA's protections; (2) Amazon was covered by the FMLA; (3) Chapman-Pinto was entitled to leave under the FMLA; (4) she provided sufficient notice of her intent to take leave; and (5) Amazon denied her FMLA benefits to which she was entitled. *Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011).  "In interference claims, the employer's intent is irrelevant to a determination of liability." *Id.*  Amazon concedes that it is covered by the FMLA, Chapman-Pinto was eligible and entitled to leave, and that Amazon approved her leave. ECF No. 27 at 8.  It argues, however, that it cannot have interfered with her leave by denying reinstatement because she voluntarily resigned.  Amazon also argues that Chapman-Pinto wanted a transfer rather than reinstatement at VGT5, which is not an available form of relief under the

FMLA. Chapman-Pinto argues that she never resigned from her position and was thus entitled to reinstatement.

Amazon relies on Schmalz's testimony about what Chapman-Pinto told her when she turned over her badge, which is supported by the fact that Chapman-Pinto asked about resigning and turned in her equipment. But in her testimony, Chapman-Pinto denies resigning and claims she would have returned to VGT5 if it was necessary to do so until she could transfer, which is supported by her immediately protesting the termination email. A reasonable juror could weigh the testimony and supporting evidence in favor of either party. Whether Chapman-Pinto voluntarily resigned is material to whether she was entitled to reinstatement under the FMLA. I therefore deny Amazon's motion for summary judgment on the FMLA interference claim.

## B. ADA Discrimination

Amazon argues that none of the employees involved in processing Chapman-Pinto's termination were aware that she was on FMLA leave or that she had a disability. It also argues that even if these employees were aware of her disability, Amazon reasonably believed that she had resigned and therefore did not terminate her on account of that disability. Chapman-Pinto responds that the employees could have inferred that she was on FMLA leave and she did not follow Amazon's preferred procedures to resign, making Amazon's argument that she resigned a pretext for wrongfully terminating her due to her disability.

A prima facie case of ADA discrimination requires Chapman-Pinto to establish (1) she is disabled within the meaning of the ADA; (2) she is a qualified employee, meaning she can perform the essential functions of her job with or without reasonable accommodation; and (3) Amazon terminated her because of her disability. *Nunies v. HIE Holdings, Inc.*, 908 F.3d 428, 433 (9th Cir. 2018). Disability means either "(A) a physical or mental impairment that

substantially limits one or more major life activities of [the] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). To show that she was fired "because of" her disability, Chapman-Pinto "must show that the adverse employment action would not have occurred but for the disability." *Murray v. Mayo Clinic*, 934 F.3d 1101, 1105 (9th Cir. 2019) (overruling *Head v. Glacier Northwest, Inc.*, 413 F.3d 1053 (9th Cir. 2005) and the "substantial factor" test previously used in ADA discrimination).

ADA discrimination claims are subject to the *McDonnell Douglas*[1] burden-shifting analysis. *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1093 (9th Cir. 2001). If Chapman-Pinto can establish a prima facie case, "the burden shifts to [Amazon] to produce some evidence demonstrating a legitimate, nondiscriminatory reason for" the adverse employment action. *Bodett v. CoxCom, Inc.*, 366 F.3d 736, 743 (9th Cir. 2004). If Amazon meets that burden, Chapman-Pinto "must then show that the defendant's alleged reason for [the employment action] was merely a pretext for discrimination." *Id.*

Amazon does not dispute that Chapman-Pinto was disabled under the ADA or that she was a qualified employee; thus, the issue is whether Amazon terminated her because of her disability. ECF Nos. 27 at 15-16; 34 at 7-8. The Amazon employees involved in processing Chapman-Pinto's termination testified that, although they knew she was on approved leave, they did not know that she was on FMLA leave. ECF Nos. 27-6 at 6; 27-13 at 3-4; 27-14 at 3; 27-15 at 3. Chapman-Pinto has not offered any evidence that these employees knew she had a record of being disabled or regarded her as disabled.[2] Without any evidence showing that the

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

[2] Chapman-Pinto speculates that Contreras knew she was on FMLA leave because Contreras had access to that information "if she wanted it." ECF No. 32 at 19 n.11. But Contreras testified otherwise, and Chapman-Pinto cannot point to any evidence in the record that HR employees are told about the reasons for leave or would have access to that information.

employees making the decision to terminate Chapman-Pinto knew of her disability status, no reasonable juror could infer that they terminated her because of that status. So I grant Amazon's motion for summary judgment on Chapman-Pinto's ADA discrimination claim.

Even if its employees could have deduced the reason for Chapman-Pinto's leave, Amazon has proffered a nondiscriminatory reason for processing her termination: it reasonably believed she had resigned. In support, Amazon cites testimony that employees believed Chapman-Pinto had resigned because she turned in her equipment and stated that she did not intend to return to VGT5.

The burden thus shifts back to Chapman-Pinto to show that the proffered reason was pretextual. She argues that because she did not complete Amazon's preferred procedures for voluntary resignation, Amazon's claim that it terminated her because she voluntarily resigned was merely a pretext for terminating her because of her disability. But Amazon's employees testified that the recommended procedures for resigning are not mandatory. ECF Nos. 32-2 at 8-11; 34-4 at 7-10; 34-5 at 6; 34-6 at 5-8. And even Chapman-Pinto agrees that "obviously they can't force people to resign in this particular way." ECF No. 34-3 at 9.

Chapman-Pinto also argues that it was illogical for Amazon to believe she would resign while on leave and eligible for short-term disability. But Schmalz testified that she mentioned leave to Chapman-Pinto while walking her out, asked if she was sure, and suggested "you might want to think about this." ECF No. 27-13 at 7. Schmalz testified that Chapman-Pinto responded that "she's done, she's outta there." *Id.* Chapman-Pinto cites no other evidence in the record suggesting that Amazon's proffered basis for termination was pretextual. Because Chapman-Pinto has failed to show that Amazon's proffered reason for terminating her was pretextual, I

would grant Amazon's motion for summary judgment on her ADA discrimination claim even if Amazon employees knew of Chapman-Pinto's disability status.

### III.  CONCLUSION

I THEREFORE ORDER that defendant Amazon.com Services, LLC's motion for summary judgment **(ECF No. 27) is GRANTED in part and DENIED in part**.  The motion is granted as to Chapman-Pinto's claim for discrimination under the Americans with Disabilities Act and denied as to her claim for interference under the Family Medical Leave Act.

DATED this 6th day of January, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE