Wendy M. Krincek, Esq.
Nevada Bar No. 6417
Amy L. Thompson, Esq.
Nevada Bar No. 11907
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, Nevada 89169.5937
Telephone:    702.862.8800
Fax No.:       702.862.8811
wkrincek@littler.com
athompson@littler.com

Attorneys for Defendant
AMAZON.COM SERVICES LLC

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

KATIE G. CHAPMAN-PINTO,

                    Plaintiff,

        v.

AMAZON.COM SERVICES LLC, a Delaware
Limited Liability Company,

                    Defendant.

Case No. 2:23-cv-01458-APG-NJK

**JOINT PRETRIAL ORDER – REVISED PER ECF NO. 41**

After pretrial proceedings in this case,

IT IS ORDERED:

# I.

## NATURE OF ACTION AND RELIEF SOUGHT

This is an action for civil damages brought by Plaintiff Katie Chapman-Pinto ("Chapman-Pinto" or "Plaintiff") against Defendant Amazon.com Services LLC ("Amazon" or "Defendant") for Family Medical Leave Act ("FMLA") interference, and discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA").

Pursuant to this Court's Order Granting Defendant's Partial Motion to Dismiss, Plaintiff's retaliation claim was dismissed. [ECF No. 29]. Pursuant to this Court's Order Granting in Part Amazon's Motion for Summary Judgment, summary judgment was granted in favor of Defendant as to Plaintiff's ADA discrimination claim, but was denied as to Plaintiff's FMLA interference claim. [ECF No.35]. Therefore, the only claim proceeding to trial is Plaintiff's claim for FMLA interference. *See id.*

## CONTENTION OF THE PARTIES

**PLAINTIFF'S CONTENTIONS**

On November 25, 2022 Plaintiff was granted a leave of absence under the FMLA effective from November 25, 2022 to January 8, 2023 and Amazon's Short-Term Disability pay from December 2, 2022 to January 8, 2023 for extreme anxiety disorder due to the extreme stress which included panic symptoms of increased heart rate, nausea/vomiting and derealization. Other symptoms included decreased concentration, poor focus with problems completing tasks and significant fatigue at times.

Plaintiff planned to spend her leave of absence under the FMLA in her hometown of San Luis Obispo, California where her family could support her throughout her recovery process. Since Chapman-Pinto was not going to need any of her work equipment during her stay in San Luis Obispo, she went to the sort center (VGT5) in Las Vegas on December 2, 2022 to drop off her work equipment, ie., her laptop and radio. Chapman-Pinto could have kept her work equipment with her during the duration of her FMLA leave but thought returning the equipment was the right thing to do, especially since it was "peak season" at Amazon and she thought someone could use her laptop and radio at the facility.

Chapman-Pinto meant to leave her badge with Marco Awadalla (Chapman-Pinto also intended to leave her work equipment with Awadalla), her past supervisor at Amazon and a trusted friend, so she would not misplace or forget it during her FMLA Leave, but Awadalla wasn't around.   She was told to leave the badge with someone on the HR team.

After leaving her work equipment on her direct manager's desk, Plaintiff approached the HR hub and asked for an HR representative to walk her out of the building.  Associate Partner, Crystal Schmalz, volunteered.  As they walked to the exit, she asked Chapman-Pinto how she was feeling and told her to reach out to Schmalz if she needed anything.

At no time did Plaintiff ever tell Schmalz that she was resigning during their brief conversation which was confirmed by Schmalz.

Finally after badging out through Amazon's lenel system, Plaintiff handed Schmalz her badge through the security window.

Thereafter on December 18, 2022, Chapman-Pinto was in complete shock to receive an email along with an undated letter from Amazon saying that she had voluntarily terminated her employment with Amazon on December 17, 2022.  Prior to this email and letter no one had reached out to Plaintiff to ask her if in fact she was resigning her employment with Amazon.

Plaintiff immediately emailed Human Resources Partner Jenny Contreras saying she received a notice of voluntary termination today and was confused as to why she received the notice as Chapman-Pinto had not submitted her resignation but was simply on a leave of absence until January 8, 2023.  Finally Plaintiff asked Contreras to please correct what she thought was a big mistake.

The next day Contreras emailed Chapman-Pinto back saying it was *not* a mistake and that HR processed her voluntary resignation on 12/2/2022 (even though Plaintiff was not informed about it until December 18, 2022) based on Plaintiff informing Schmalz that she was resigning effective 12/2/2022 (which she did not).

Finally Chapman-Pinto reached out to the Employee Relations Center (ERC) about reinstatement but was notified by email on December 23, 2022 from Sravanthi M of ERC that the reinstatement was not approved but Plaintiff was eligible for rehire.

3

1    The evidence at trial will show that Chapman-Pinto didn't resign and had *no* intentions of

2    resigning (ie. among other things, Plaintiff didn't comply with any of the voluntary resignation

3    requirements set forth in a checklist issued by Amazon).

4    Besides never telling Schmalz she was resigning, Plaintiff never put the alleged resignation in

5    writing addressed to her manager including the reason for resigning and the effective date, never gave

6    two week notice, never discussed the decision to resign with her manager and created a plan to

7    transition her work, never reviewed and updated her contact information internally, never submitted

8    her expenses five days before her last day, never canceled her corporate credit card, corporate debit

9    card or health insurance card, never granted her manager access to her work WorkDocs files and other

10    project documents and finally never updated her ADP account.

11    Further it makes *no* sense that Plaintiff would resign her position on December 2, 2022 after

12    being approved for FMLA from November 25, 2022 to January 8, 2023 and Short-Term Disability

13    pay from December 2, 2022 to January 8, 2023.

14    Thus the evidence at trial will show that Amazon is just using the argument that Chapman-

15    Pinto resigned as a reason to interfere with reinstating her after her FMLA leave of absence ended as

16    they were required to do under the law.

17    **DEFENDANT'S CONTENTIONS**

18    Amazon denies Plaintiff's allegations in their entirety and denies Plaintiff's version of the

19    facts. Specifically, Amazon denies that it interfered with Plaintiff's FMLA in any way because it

20    granted her leave under the FMLA and Plaintiff voluntarily resigned her employment on her own

21    accord prior to seeking reinstatement from leave. Amazon did not interfere with Plaintiff's FMLA

22    leave by processing her separation which was triggered solely by her unequivocal notice of

23    resignation. This fact is supported by multiple witness accounts and other documentary evidence.

24    Further, once Plaintiff resigned and Amazon accepted her resignation, she no longer had rights under

25    the FMLA. The law does not require Amazon to allow Plaintiff to rescind her resignation after the

26    fact. Plaintiff was invited to re-apply after she later attempted to walk back her voluntary resignation

27    and she unilaterally chose not to do so.

28

4

## II.

## STATEMENT OF JURISDICTION

Jurisdiction over Plaintiff's remaining claim is proper pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 2617(a)(2) because it is a claim arising under federal law and Plaintiff seeks to recover damages under federal statutes.

## III.

## THE FOLLOWING FACTS ARE ADMITTED BY THE PARTIES AND REQUIRE NO PROOF

The parties have agreed to the following stipulated facts:

1.  Plaintiff was hired by Amazon beginning in July 2021 and worked as an operations manager for Amazon at its Las Vegas sorting facility – "VGT5." While Plaintiff was assigned to the VGT5 facility, she also provided support on short-term assignments at facilities in Tucson, Las Vegas, Minneapolis, Atlanta, and Mexico City.

2.  Plaintiff applied for a transfer to the "MCI9" facility in Missouri. On November 4, 2022, Plaintiff received an offer to transfer to MCI9 but allowed the offer to expire on November 14, 2022, without accepting it because her boyfriend did not want to relocate to Kansas City.

3.  On November 11, 2022, Plaintiff requested a continuous leave of absence under the FMLA from November 25, 2022 – January 8, 2023. The reason for her request was a diagnosed anxiety disorder with depression and derealization.

4.  Disability and Leave Services ("DLS") team processing her request for FMLA leave.

5.  The DLS team is a centralized service that handles leave requests from Amazon employees. None of the DLS team members work at the VGT5 location.

6.  The DLS team processes myriad different types of leave requests including, but not limited to, requests for FMLA and medical leave.

7.  Amazon, through its DLS team, approved Plaintiff's leave under the FMLA on November 25, 2022 from November 25, 2022 through January 8, 2023.

8.  On December 2, 2022, while still on leave, Plaintiff went to VGT5 and spoke with HR

Associate Partner Crystal Schmalz ("Schmalz") at the HR desk. Plaintiff handed in her security badge and Amazon-issued equipment, such as her Amazon laptop radio, and vest.

9.      Plaintiff's termination was formally processed on December 16, 2022, and the termination notice was created and sent to Plaintiff, stating Plaintiff's voluntary termination date was officially December 17, 2022.

10.     On December 19, 2022, Plaintiff called the Employee Resource Center ("ERC") claiming the notice of voluntary termination was issued in error because she did not resign, and asked to be reinstated.

11.     In response to Plaintiff's December 19, 2022, ERC inquiry, HR Partner Jenny Contreras communicated to Plaintiff directly and through the ERC that she could not be reinstated but was eligible to reapply to any job in which she was interested.

12.     Plaintiff never applied for any new job with Amazon thereafter.

## IV.

## THE FOLLOWING FACTS, THOUGH NOT ADMITTED, WILL NOT BE CONTESTED AT TRIAL BY EVIDENCE TO THE CONTRARY

1.      None.

## V.

## THE FOLLOWING ARE THE ISSUES OF FACT TO BE TRIED AND DETERMINED AT TRIAL[1]

**PLAINTIFF'S PROPOSED ISSUES OF FACT**

1.      Whether Plaintiff was approved for Short-Term Disability pay from December 2, 2022 to January 8, 2023.

2.      Whether Plaintiff voluntarily resigned her employment while on FMLA leave, either on December 2, 2022 or at any other time.

3.      Whether by leaving her work equipment or work badge at the VGT5 sort center in Las

---

[1] Pursuant to Local Rules 16-3 and 16-4, should the attorneys or parties be unable to agree on the statement of issues of fact, the joint pretrial order should include separate statements of issues of fact to be tried and determined upon trial.

Vegas on December 2, 2022 Plaintiff intended to resign.

4.    Whether Chapman-Pinto ever told Crystal Schmalz or any other person at Amazon that she was resigning.

5.    Whether Plaintiff ever put it in writing that she was resigning either by addressing a writing to her manager including the reason for resigning and the effective date, or otherwise.

6.    Whether Chapman-Pinto ever gave two weeks notice that she was resigning.

7.    Whether Plaintiff ever discussed the decision to resign with her manager and created a plan to transition her work before allegedly resigning.

8.    Whether Chapman-Pinto ever reviewed and updated her contact information internally before allegedly resigning.

9.    Whether Plaintiff ever submitted her expenses five days before allegedly resigning.

10.    Whether Chapman-Pinto ever canceled her corporate credit card, corporate debit card or health insurance card before allegedly resigning.

11.    Whether Plaintiff ever granted her manager access to her work WorkDocs files or other documents before allegedly resigning.

12.    Whether Chapman-Pinto ever updated her ADP account before allegedly resigning.

13.    Whether Plaintiff allegedly resigning on December 2, 2022 was consistent with being approved for FMLA from November 25, 2022 to January 8, 2023 and short-term disability pay from December 2, 2022 to January 8, 2023.

**DEFENDANT'S PROPOSED ISSUES OF FACT**

1.    Whether Plaintiff voluntarily resigned her employment while on FMLA leave December 2, 2022.

2.    Whether by November 11, 2022, Plaintiff decided she no longer wanted to work at VGT5 and had expressed to witnesses her intent of plans to resign including asking an Amazon human resources associate how to resign.

3.    Whether on November 16, 2022, Plaintiff submitted a notice terminating her apartment lease early effective December 16, 2022, due to her self-described "voluntary employment change,"

7

1    reflecting her plan to resign her employment with Amazon.

2        4.    Whether after December 2, 2022, Plaintiff immediately traveled to San Luis Obispo,

3    California, and with her lease in Las Vegas ending early on December 16, 2022, she did not have a

4    confirmed place to live in Las Vegas to return further reflecting she resigned her employment with

5    Amazon.

6        5.    Whether, on December 2, 2022, Plaintiff stated to Schmalz that she was quitting her

7    job at Amazon.

8        6.    Whether, on December 2, 2022, before leaving the Amazon facility, Plaintiff

9    encountered her then-coworker Matthew Fine and told him it was her last day and that she was no

10   longer working for Amazon.

11       7.    Whether, on December 2, 2022, Plaintiff turned in her badge and equipment because

12   she was resigning her employment with Amazon.

13       8.    Whether Amazon's policy and practice is that employees who begin a leave of absence

14   keep their badge and equipment with them, and do not turn them in for use by others because no one

15   uses another employee's badge or equipment.

16       9.    Whether Amazon's Voluntary Resignations and FAQ – US" document is a merely a

17   guide and not a mandatory policy such that employees can and do verbally resign.

18       10.   Whether anyone at Amazon involved in accepting and processing Plaintiff's

19   resignation had knowledge of her medical condition or that she was on FMLA leave.

20       11.   Whether Amazon's policy requires employees who resign to go through a new hiring

21   process if they wish to be reinstated.

22                                          **VI.**

23   **THE FOLLOWING ARE THE ISSUES OF LAW TO BE TRIED AND DETERMINED AT**

24                                      **TRIAL**[2]

25

26   _____
[2] Pursuant to Local Rules 16-3 and 16-4, should the attorneys or parties to be unable to agree on the
27   statement of law, the joint pretrial order should include separate statements of issues of law to be tried
     and determined upon trial.
28

**PLAINTIFF'S ISSUES OF LAW**

1.      Whether Amazon willful terminated Plaintiff's employment while she was on FMLA leave.

2.      Whether Jenny Contreras conduct showed willfulness when Chapman-Pinto contacted Contreras by email after Plaintiff received an email and letter from Amazon Human Resources on December 18, 2022 saying that she had voluntarily resigned and Contreras would not reverse the decision when Chapman-Pinto told her she didn't resign.

3.      Whether Amazon denied Plaintiff FMLA benefits to which she was entitled.

4.      Whether Chapman-Pinto was damaged as a result of any interference with her FMLA rights and if so what were those damages.

5.      Whether Plaintiff took reasonable steps in mitigating any damages she suffered.

**DEFENDANT'S ISSUES OF LAW[3]**

1.      Whether Amazon reasonably believed Plaintiff resigned her employment.

2.      Whether Amazon denied Plaintiff FMLA benefits to which she was entitled.

3.      Whether Amazon interfered with Plaintiff's rights under the FMLA when Plaintiff voluntarily resigned her employment.

4.      Whether there is an interference with Plaintiff's FMLA rights when Plaintiff would not return to the position she held with Amazon when her FMLA leave commenced.

5.      Whether Amazon interfered with Plaintiff's rights under the FMLA (*i.e.*, any right, benefit or position to which the employee would have been entitled had the employee not taken the leave) when (1) the alleged interference was that she was not returned to a different facility from the one in which she worked, and (2) she had declined a previous offer to transfer facilities and did not have a pending transfer request or transfer offer in place at the time of her request for reinstatement.

6.      Whether Plaintiff was damaged as a result of any interference.

---

[3] The parties respectfully request that any failure to "unerringly distinguish" between issues of fact and law due to the "vexing nature of the distinction between questions of law and questions of law," be treated as corresponding questions of fact and questions of law. *Pullman-Standard v. Swint*, 456 U.S. 273, 288 (1982).

7.      Whether Plaintiff failed to mitigate her damages.

**VII.**

**(a)     Exhibits**

**Pursuant to the Court's Order at ECF No. 41, the parties have conferred on proposed trial exhibits and have attached as Exhibit C hereto a chart reflecting stipulations and objections to exhibits in accordance with ECF No. 41 and LR 16-3(b)(8)(B).[4]**

**(1)    Plaintiff's proposed exhibits[5]:**

**(b)     Electronic Evidence:**

Electronic evidence is addressed in the Section above. The parties reserve all rights to present or object to evidence in electronic form where applicable, including, but not limited to, audio and visual recordings.

**(1) Plaintiff will offer the following depositions:**

At this time, Plaintiff understands that the relevant deponents are available for trial, and therefore, their deposition testimony will not be required in their absence due to their unavailability. If a witness unexpectedly becomes unavailable before trial, then Defendant will be promptly notified, and with respect to such witness, specific pages and lines of their deposition testimony will be promptly designated, and any other objections or counter-designations will then be timely made in response.

**(2) Defendants will offer the following depositions:**

At this time, Defendant understands that the relevant deponents are available for trial, and therefore, their deposition testimony will not be required in their absence due to their unavailability. If a witness unexpectedly becomes unavailable before trial, then Plaintiff will be promptly notified, and with respect to such witness, specific pages and lines of their deposition testimony will be promptly designated, and any other objections or counter-designations will then be timely made in

---

[4] The parties reserve the right and do not waive the right to assert additional objections at trial depending on the intended use of an exhibit.

[5] Plaintiff has Exhibits number 1-500 and Defendants have Exhibit numbers 501-1000. Joint Exhibits start at 1001.

1  response.

2          (c)      **Objections to depositions:**

3          The parties will file any objections within 14 days of the other party designating the exact

4   deposition testimony to be offered for any unavailable witnesses. The parties further reserve the right

5   to object to irrelevant or otherwise objectionable portions of any transcript of deposition testimony

6   offered by a party at trial.

7                                              **VIII.**

8          **THE FOLLOWING WITNESSES MAY BE CALLED BY THE PARTIES AT TRIAL:**

9          **(a)      Provide names and addresses of Plaintiff's witnesses.**

10          Please see **Exhibit A** to the Joint Pretrial Order. Plaintiff reserves the right to call impeachment

11   witnesses and rebuttal witnesses as needed. Plaintiff reserves the right to call any person necessary to

12   authenticate any of the possible exhibits listed herein.

13          **(b)      Provide names and addresses of Defendants' witnesses.**

14          Please see **Exhibit B** to the Joint Pretrial Order. Defendant reserves the right to call

15   impeachment witnesses and rebuttal witnesses as needed. Defendant reserves the right to call any

16   person necessary to authenticate any of the possible exhibits listed herein.

17          **(c)      Objections to witnesses:**

18                  **(1) Plaintiff's objections to witnesses:**

19   1.      Plaintiff reserves any objections to witnesses for motion in limine and/or trial.

20                  **(2) Defendant's objections to witnesses:**

21   1.       Defendants reserve any objections to witnesses for motion in limine and/or trial.

22                                              **IX.**

23          The attorneys or parties have met and jointly offer these trial dates, with the understanding that

24   the Court may very well set the trial date at a later time given the challenges to scheduling jury trials.

25              August 12, 2025              August 19, 2025              August 26, 2025

26          It is expressly understood by the undersigned that the court will set the trial of this matter on one

27   of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the court's calendar.

28

**X.**

It is estimated that the trial will take a total of 3-4 days.

APPROVED AS TO FORM AND CONTENT

| | |
|---|---|
| */s/ Michael P. Balaban* | */s/ Amy L. Thompson* |
| MICHAEL P. BALABAN, ESQ. | WENDY M. KRINCEK, ESQ. |
| LAW OFFICES OF MICHAEL P. | AMY L. THOMPSON, ESQ. |
| BALABAN | LITTLER MENDELSON, P.C. |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| KATIE G. CHAPMAN-PINTO | AMAZON.COM SERVICES LLC |

12

**XI.**

**ACTION BY THE COURT**

This case is set for jury trial on the stacked calendar on <u>September 22, 2025 at 9:00 a.m.</u> Calendar call will be held on <u>September 16, 2025 at 9:00 a.m.</u> all in Courtroom 6C.

This pretrial order has been approved by the parties to this action as evidenced by their signatures or the signatures of their attorneys hereon, and the order is hereby entered and will govern the trial of this case. This order may not be amended except by court order and based upon the parties' agreement or to prevent manifest injustice.

IT IS SO ORDERED:

Dated:  March 27, 2025

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

# <u>EXHIBIT INDEX</u>

Exhibit A -   Plaintiff's List of Witnesses

Exhibit B -   Defendant's List of Witnesses

Exhibit C -   Chart of Parties' Exhibits for JPTO

# EXHIBIT A

Plaintiff's List of Witnesses

# EXHIBIT A

## <u>EXHIBIT A</u>

### Plaintiff's List of Witnesses

1.  Katie Chapman-Pinto
    c/o Michael Balaban, Esq.
    Law Offices of Michael P. Balaban
    10726 Del Rudini Street
    Las Vegas, NV 89141
    (702) 586-3023

2.  Jenny Contreras
    c/o Wendy M. Krincek, Esq.
    Amy L. Thompson, Esq.
    Littler Mendelson P.C.
    3960 Howard Hughes Parkway
    Suite 300
    Las Vegas, NV 89169
    (702) 862-8800

3.  Sam Phanthanousy
    c/o Wendy M. Krincek, Esq.
    Amy L. Thompson, Esq.
    Littler Mendelson P.C.
    3960 Howard Hughes Parkway
    Suite 300
    Las Vegas, NV 89169
    (702) 862-8800

4.  Mikenna Webster
    c/o Wendy M. Krincek, Esq.
    Amy L. Thompson, Esq.
    Littler Mendelson P.C.
    3960 Howard Hughes Parkway
    Suite 300
    Las Vegas, NV 89169
    (702) 862-8800

5.  Matthew Fine
    c/o Wendy M. Krincek, Esq.
    Amy L. Thompson, Esq.
    Littler Mendelson P.C.
    3960 Howard Hughes Parkway
    Suite 300

Las Vegas, NV 89169
(702) 862-8800

6.  Gina Mott
    c/o Wendy M. Krincek, Esq.
    Amy L. Thompson, Esq. Littler
    Mendelson P.C.
    3960 Howard Hughes Parkway
    Suite 300
    Las Vegas, NV 89169
    (702) 862-8800

7.  Savanah Fussell
    c/o Wendy M. Krincek, Esq.
    Amy L. Thompson, Esq. Littler
    Mendelson P.C.
    3960 Howard Hughes Parkway
    Suite 300
    Las Vegas, NV 89169
    (702) 862-8800

8.  Crystal Schmalz

    REDACTED

9.  Marco Awadalla
    c/o Wendy M. Krincek, Esq.
    Amy L. Thompson, Esq. Littler
    Mendelson P.C.
    3960 Howard Hughes Parkway
    Suite 300
    Las Vegas, NV 89169
    (702) 862-8800

10. Jonathan Bradley
    c/o Wendy M. Krincek, Esq.
    Amy L. Thompson, Esq. Littler
    Mendelson P.C.
    3960 Howard Hughes Parkway
    Suite 300

Las Vegas, NV 89169
(702) 862-8800

11. Sabrenia Palmer
    c/o Wendy M. Krincek, Esq.
    Amy L. Thompson, Esq.
    Littler Mendelson P.C.
    3960 Howard Hughes Parkway
    Suite 300
    Las Vegas, NV 89169
    (702) 862-8800

12. Jacqueline Palomares
    c/o Wendy M. Krincek, Esq.
    Amy L. Thompson, Esq.
    Littler Mendelson P.C.
    3960 Howard Hughes Parkway
    Suite 300
    Las Vegas, NV 89169
    (702) 862-8800

13. Noah Hickey
    c/o Wendy M. Krincek, Esq.
    Amy L. Thompson, Esq.
    Littler Mendelson P.C.
    3960 Howard Hughes Parkway
    Suite 300
    Las Vegas, NV 89169
    (702) 862-8800

14. Alexander Cooper
    c/o Wendy M. Krincek, Esq.
    Amy L. Thompson, Esq.
    Littler Mendelson P.C.
    3960 Howard Hughes Parkway
    Suite 300
    Las Vegas, NV 89169
    (702) 862-8800

15. Chad Whetman
    c/o Wendy M. Krincek, Esq.
    Amy L. Thompson, Esq.
    Littler Mendelson P.C.

3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169
(702) 862-8800

16. Eric Hixon
Pacific Psychiatry
1304 Ella Street
Suite B
San Luis Obispo, CA 93401
(805) 541-6000

17. Margaret Bauman, MD
The Bauman Clinic
1368 Marsh Street
San Luis Obispo, CA 93401
(805) 540-7060

18. Any necessary rebuttal or impeachment witnesses

19. Any witnesses identified by Defendant

# EXHIBIT B

Defendant's List of Witnesses

# EXHIBIT B

## <u>EXHIBIT B</u>

### Defendant's List of Witnesses

1.  Katie Chapman-Pinto
    c/o Michael Balaban, Esq
    Law Offices of Michael P. Balaban
    10726 Del Rudini Street
    Las Vegas, NV 89141
    (702) 586-3023

2.  Jenny Contreras
    c/o Wendy M. Krincek, Esq.
    Amy L. Thompson, Esq.
    Littler Mendelson P.C.
    3960 Howard Hughes Parkway
    Suite 300
    Las Vegas, NV 89169
    (702) 862-8800

3.  Sam Phanthanousy
    c/o Wendy M. Krincek, Esq.
    Amy L. Thompson, Esq.
    Littler Mendelson P.C.
    3960 Howard Hughes Parkway
    Suite 300
    Las Vegas, NV 89169
    (702) 862-8800

4.  Mikenna Webster
    c/o Wendy M. Krincek, Esq.
    Amy L. Thompson, Esq.
    Littler Mendelson P.C.
    3960 Howard Hughes Parkway
    Suite 300
    Las Vegas, NV 89169
    (702) 862-8800

5.  Matthew Fine
    c/o Wendy M. Krincek, Esq.
    Amy L. Thompson, Esq.
    Littler Mendelson P.C.
    3960 Howard Hughes Parkway
    Suite 300
    Las Vegas, NV 89169
    (702) 862-8800

6.  Gina Mott
    c/o Wendy M. Krincek, Esq.
    Amy L. Thompson, Esq.
    Littler Mendelson P.C.
    3960 Howard Hughes Parkway
    Suite 300
    Las Vegas, NV 89169
    (702) 862-8800

7.  Savanah Fussell
    c/o Wendy M. Krincek, Esq.
    Amy L. Thompson, Esq.
    Littler Mendelson P.C.
    3960 Howard Hughes Parkway
    Suite 300
    Las Vegas, NV 89169
    (702) 862-8800

8.  Crystal Schmalz


    REDACTED


9.  Eric Hixon
    Pacific Psychiatry
    1304 Ella Street
    Suite B
    San Luis Obispo, CA 93401
    (805) 541-6000

10. Margaret Bauman, MD
    The Bauman Clinic
    1368 Marsh Street
    San Luis Obispo, CA 93401
    (805) 540-7060

11. Any necessary rebuttal or impeachment witnesses
12. Any witnesses identified by Plaintiff

# EXHIBIT C

Chart of Parties' Exhibits for JPTO

# EXHIBIT C

| Exhibit No. | Description | Bates Reference | Objection |
|---|---|---|---|
| **Joint Exhibits** | | | |
| 1001 | Letter regarding Plaintiff's voluntary resignation | Amazon0000118-123 | Stipulated Jt. Exhibit |
| 1002 | Plaintiff's Offer Letter | Amazon0000130-33 | Stipulated Jt. Exhibit |
| 1003 | Email correspondence produced by Plaintiff | Chapman-Pinto 103-104 | Stipulated Jt. Exhibit |
| 1004 | Plaintiff's 2023 W-2 | Chapman-Pinto 105 | Stipulated Jt. Exhibit |
| 1005 | Plaintiff's 2021 W-2 | Chapman-Pinto 058-059 | Stipulated Jt. Exhibit |
| **Plaintiff's Exhibits** | | | |
| 1 | Amazon's Confidentiality, Noncompetition, and Invention Assignment Agreement | CHAPMAN-PINTO 005-013 | FRE 402 and 403 |
| 2 | Chapman-Pinto's Emails re Taking FMLA Leaves | CHAPMAN-PINTO 014-017 | FRE 402 and 403 |
| 3 | Physician Statement (Signed) | CHAPMAN-PINTO 18-19 | No objection |
| 4 | Bauman Clinic Consent to Release Information | CHAPMAN-PINTO 020 | No objection |
| 5 | Various Emails Between Bauman Clinic and Plaintiff | CHAPMAN-PINTO 021-023 | FRE 402 and 403 |
| 6 | Various Emails between Amazon Disability and Leave Services and Plaintiff | CHAPMAN-PINTO 024-025 | FRE 402 and 403 |
| 7 | Letter and Blank Physician Statement sent by Amazon | CHAPMAN-PINTO 026-027 | No objection |
| 8 | Letter from Amazon Disability and Leave Services to Plaintiff approving Chapman-Pinto's Leave of Absence | CHAPMAN 028-029 | No objection |
| 9 | Email Chaing Between Plaintiff and Jenny Contreras Regarding Chapman-Pinto being Notified of Termination | CHAPMAN-PINTO 036-039 | FRE 402 and 403 |
| 10 | Email Chain Between Plaintiff and Amazon ERC re Employee Exit | CHAPMAN-PINTO 041-42 | FRE 402 and 403 |
| 11 | Amazon's Voluntary Resignations FAQ-US | CHAPMAN-PINTO 043 | FRE 402 and 403 |

| Exhibit No. | Description | Bates Reference | Objection |
|---|---|---|---|
| 12 | Signed Offer Letter for Semmes & Co. Builders | CHAPMAN-PINTO 056-057 | No objection |
| 13 | Job Searches of Chapman-Pinto | CHAPMAN-PINTO 072-75, 93-96, 126-140, 152-156,161-189, 198-219, 221-235, 239-271, 285-290, 295-320, 329-333, 343-396, 404-411, 425-490, 493-620, 623-674 | FRE 402/403/801/802 |
| 14 | 401K Documents | CHAPMAN-PINTO 097-102 | FRE 402/403 |
| 15 | Employee Repayment Obligation and Related Documents | CHAPMAN-PINTO 106-113, 119-120, 125 | FRE 402/403 |
| 16 | Resumes of Chapman-Pinto | CHAPMAN-PINTO 220, 291-294 | FRE 402/403 |
| 17 | Investment Properties Correspondence | CHAPMAN-PINTO 412-424 | No objection |
| 18 | Defendant's Response to Plaintiff's First Set of Interrogatories | | FRE 402/403 |
| 19 | Defendant's Response to Plaintiff's First Set of Requests for Admission | | FRE 402/403 |
| **Defendant's Exhibits** | | | |
| 501 | Documents related to Plaintiff's leave of absence | Amazon0000009-41, 43-92. | FRE 402/403/801/802 |
| 502 | Call recording between Plaintiff and Amazon regarding Plaintiff's contesting of resignation | Amazon0000093 | No Objection |
| 503 | Text messages regarding Plaintiff's resignation | Amazon0000115-117 | No Objection |
| 504 | Amazon's "Your Amazon Access/ID Badge and Visitors" Policy | Amazon0000124 | No Objection |
| 505 | Amazon's "Policies and Procedures Acknowledgment Form – NAFC" | Amazon0000143 | No Objection |

| Exhibit No. | Description | Bates Reference | Objection |
|---|---|---|---|
| 506 | Amazon letter to Plaintiff regarding offer for internal transfer | Amazon0000146-148. | FRE 402/403/801/802 |
| 507 | Amazon Fulfillment Center and Sort Center Appeals Policy | Amazon0000179-0000180 | No Objection |
| 508 | Plaintiff's Amazon profile page | Amazon0000182-0000185 | FRE 402/403/801/802 |
| 509 | Workforce Job Summary | Amazon0000186 | FRE 402/403/801/802 |
| 510 | Salesforce information regarding Plaintiff's employment | Amazon0000190-0000307 | FRE 402/403/801/802 |
| 511 | Ticket Summaries regarding Plaintiff's resignation and internal transfer offer | Amazon0000308-311, 319-320 | FRE 402/403/801/802 |
| 512 | Plaintiff's Earning Statements and W-2s | Amazon0000321-0000342 | No objection |
| 513 | Plaintiff's relevant leave of absence documents | Amazon0000347-0000357 | FRE 402/403/801/802 |
| 514 | Amazon's Owner's Manual and Guide to Employment | Amazon0000367-0000396 | No objection |
| 515 | Plaintiff's 2022 W-2 and Earnings Summary | Amazon0000433-434 | No objection |
| 516 | EEOC FOIA response documents | Amazon0000435-464 | FRE 402/403/801/802 |
| 517 | Declaration of Matthew Fine | Amazon0000509-510 | FRE 402/403/801/802 |
| 518 | Documents received in response to Defendant's Subpoena duces tecum to Centennial at 5th | Centennial0000001-0000052 | FRE 402/403/801/802 |
| 519 | Documents received in response to Amazon's subpoena duces tecum to Pacific Psychiatry | Pacific-Psychiatry0000001-0000052 | No objection |
| 520 | Documents received in response to Amazon's subpoena duces tecum to the Bauman Clinic | The Bauman Clinic0000001-00000103 | No objection |
| 521 | Plaintiff's categorical damages computation | Chapman-Pinto 060 | No objection |
| 522 | Plaintiff's timeline of relevant events | Chapman-Pinto 061-064 | No objection |
| 523 | 2021-2022 Benefits Confirmation Statement | Chapman-Pinto 100-102 | No objection |
| 524 | Plaintiff's Answers to Amazon's Interrogatories | | FRE 402/403 |